IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02513-MSK

JOHN T. SCHIMMER

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,

      Defendant.

---

## ORDER CONVERTING MOTION TO DISMISS
## TO A MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(#12)** and the Plaintiff's response **(#18)**.

The Plaintiff commenced this action in the Mesa County District Court asserting statutory and common law claims seeking reformation of an automobile insurance policy and damages resulting from the breach of the policy. The Defendant removed the case to this Court, invoking the Court's subject matter jurisdiction based upon the parties' diversity of citizenship. It then filed the instant Motion to Dismiss **(#12)** pursuant to Fed. R. Civ. P. 12(b)(1) and (6), asserting that the Plaintiff's claims are barred by the applicable statute of limitations. In response **(#18)**, the Plaintiff argues, in part, that a limitations defense is not jurisdictional.

Because the Court exercises diversity jurisdiction, the Court applies Colorado law to the Plaintiff's claims, including Colorado law relating to statutes of limitations. *See e.g. Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) ("Since that cause of action is

created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. It accrues and comes to an end when local law so declares") (citations omitted), *citing Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109-110 (1945).  Under Colorado law, a statute of limitations limits the time in which an action may be brought, but does not operate as a jurisdictional bar.  *Colorado Dept. of Public Health and Envt. v. Caulk,* 969 P.2d 804, 808 (Colo. App. 1998), *citing Kubby v. Shaffer,* 929 P.2d 55, 57 (Colo. App. 1996) (distinguishing "non-claim" statutes, which are jurisdictional, from statutes of limitations).

The Defendant's citations in support of its claim that a limitations defense is jurisdictional in nature, in particular *Trobaugh v. U.S.*, 35 Fed.Appx. 812, 814 (10th Cir. 2002) *and Calvert v. Roadway Express*, 32 Fed.Appx. 510, 511 (10th Cir. 2002), are unpersuasive for several reasons. First, both cases are unpublished decisions, and pursuant to 10th Circuit Rule 36.3(a), may not be relied upon as precedential authority except in certain limited situations.  Second, both cases involve claims arising under federal law, and do not purport to address the operation of Colorado law with respect to statutes of limitation.  Third, and perhaps most importantly, neither case affirmatively stands for the proposition that the Defendant contends.  In both cases, the 10th Circuit merely noted that the district court had adjudicated the defendants' statute of limitations defenses by means of a Rule 12(b)(1) motion.  In neither case did the plaintiff contend that the limitations defense was not jurisdictional, and thus, neither case directly decides whether or not Rule 12(b)(1) was the proper means by which the motion should be brought.  Because neither case affirmatively stands for the proposition that a statute of limitations defense is jurisdictional,

neither case is persuasive on the precise issue presented here.[1]

Accordingly, the Court concludes that the Defendant's motion is misdesignated.  The usual statute of limitations defense under Colorado law is not jurisdictional, and a motion raising that defense therefore cannot be brought pursuant to Fed. R. Civ. P. 12(b)(1).  Rather, the timeliness of a claim is, in essence, an element of the substantive claim, and is challenged by means of Fed. R. Civ. P. 12(b)(6).

In considering a motion under Rule 12(b)(6), the Court assesses whether the Plaintiff's Complaint alone is legally sufficient to state a claim which relief may be granted.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  However, the Court may consider documents referred to in the Complaint if they are central to Plaintiff's claims and the parties do not dispute the documents' authenticity.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  To the extent that the motion relies on other material outside the pleadings, Rule 12(b) requires that the Court either exclude the extraneous material when deciding the motion, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.  *Grogan v. O'Neil*, 292 F. Supp. 2d 1282, 1292 (D. Kan. 2003).

The Defendant's motion relies upon evidentiary material that is outside the four corners of

---

[1]*Trobaugh* is further distinguishable because of its unusual facts.  Unlike the state statutory and common law claims brought by the Plaintiff here, the plaintiff in *Trobaugh* was suing under the Federal Tort Claims Act.  Because it operates as a limited waiver of the United States' sovereign immunity, the Federal Tort Claims Act – including its limitations period – defines the scope of the government's waiver of immunity and, consequently, the subject matter jurisdiction of the courts to hear such claims.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004); *In re Franklin Savings Corp.*, 385 F.3d 1279, 1289 (10th Cir. 2004) ("The court's subject matter jurisdiction for . . . is determined and defined by the provisions of the FTCA. Federal jurisdiction under the FTCA is limited by a number of conditions, including the statute of limitations provision").  In other words, the statute of limitations is jurisdictional in a Federal Tort Claims Act case, even though it is not in other types of cases.

3

the Complaint, and which is not central to the Plaintiff's claim.  Were the Court to exclude this

evidence, the motion would be denied, as the evidence is necessary to establish the predicate facts

of the Defendant's limitations defense.  However, such an adjudication would not go to the merits

of the defense, and would not prohibit the Defendant from re-filing the motion in a more correct

format.  To avoid the wastefulness of repetitive motion practice, the Court concludes that

conversion of the motion to one for summary judgment under Rule 56 is appropriate.

Accordingly, the parties are advised that, pursuant to Fed. R. Civ. P. 12(b), the Court

**CONVERTS** the Defendant's Motion to Dismiss (**#12**) to one for summary judgment under Fed.

R. Civ. P. 56.  To the extent that either party believes that evidentiary material is necessary to

fully address the issues raised in the Defendant's motion, that party may submit such evidence

within 14 days of the date of this Order.  Although the Court anticipates that the significance of

the tendered evidentiary material is likely to be self-evident, if the parties believe that additional

argument is necessary to address their tendered evidence, supplemental briefs, not exceeding five

pages in length, may be filed simultaneously with the evidentiary material.  No responses to

supplemental briefs may be filed without prior leave of the Court.

Dated this 8th day of June, 2006

BY THE COURT:

Marcia S. Krieger
United States District Judge

4