IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02513-MSK

JOHN T. SCHIMMER

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,

       Defendant.

_____

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT
_____

THIS MATTER comes before the Court on the Defendant's Motion for Summary Judgment **(#12)**,[1] the Plaintiff's Response **(#18)**, the Defendant's Reply **(#22)**, and the parties' supplemental briefs **(#42, #43)**.  Having considered the same and the parties' documentary submissions, the Court **FINDS** and **CONCLUDES** as follows.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

The Plaintiff, John T. Schimmer, commenced this action against the Defendant, State Farm, for the purpose of recovering enhanced Personal Injury Protection ("PIP") benefits for

---

[1] Originally filed as a motion to dismiss, it was converted to one for summary judgment **(#41)**.

1

injuries he sustained in an automobile accident in July 1999.  State Farm argues that Mr.

Schimmer's claims are barred by the three-year statute of limitations applicable to claims arising

out of the Colorado Auto Accident Reparations Act ("CAARA").[2]  Mr. Schimmer responds that

his claims were timely asserted and, in the alternative, that the limitations period should be tolled.

The issue presented is whether Mr. Schimmer's claims are time-barred.

### III.  Material Facts

Based upon the evidence submitted, which the Court construes most favorably to John

Schimmer, the Court finds for purposes of this motion that:

1.      On July 8, 1999, Mr. Schimmer was injured in an automobile accident.

2.      At the time of the accident, Mr. Schimmer was a passenger in a car which was

subject to a Colorado insurance policy issued by State Farm to Ryan Malone.  The parties agree

that Mr. Schimmer was insured under that policy.

3.      The insurance policy issued to Mr. Malone included basic PIP coverage as outlined

in § 10-4-706, C.R.S.

4.      When the policy was issued, State Farm failed to explain or offer to Mr. Malone

that he could obtain enhanced PIP coverage, as opposed to basic PIP coverage.[3]

5.      Mr. Schimmer was not present when Mr. Malone purchased the policy at issue.

Therefore, at the time of the accident, he did not know whether State Farm offered enhanced PIP

---

[2] CAARA encompassed part 7 of Title 10, Article 4 of the Colorado Revised Statutes.  CAARA expired by its own terms on July 1, 2002.  *See* § 10-4-726, C.R.S. (2001).

[3] The distinguishing feature between basic and enhanced PIP coverage is that there is a dollar and time limitation for basic coverage, and enhanced coverage has neither limitation.  *See* § 10-4-710(2)(a), C.R.S.

coverage to Mr. Malone at the time Mr. Malone purchased the policy.

6.      Approximately one week after the accident (July 14, 1999), State Farm mailed a letter to Mr. Schimmer which outlined the PIP benefits he would receive.  It specifically advised Mr. Schimmer that he would be entitled to recover: (1) $50,000 for medical expenses incurred within 5 years of the accident; (2) $50,000 for rehabilitative treatment incurred within 10 years of the accident; (3) $25 for ordinary services (*i.e.*, house cleaning, cooking, or lawn mowing) incurred within 1 year of the accident; and (4) $400 per week for lost income for a period of 1 year after the accident.  Five days after mailing that letter, State Farm mailed a second letter to Mr. Schimmer on July 19, 1999, which contained substantially the same information as the first letter.

7.      Mr. Schimmer does not recall whether he received either letter before he commenced this action.  However, during his deposition he testified that the address on both letters was his residence at the time the letters were mailed.

8.      State Farm provided PIP benefits to Mr. Schimmer until the dollar and/or time limitations stated in the letters were met.

9.      State Farm never offered enhanced PIP benefits to Mr. Schimmer.

10.     On June 24, 2004, Mr. Schimmer first learned, upon consultation with his attorneys, that State Farm had failed to offer extended PIP coverage to policyholders.

11.     Mr. Schimmer first received a copy of Mr. Malone's policy on December 14, 2004, after his attorneys requested it.

12.     Mr. Schimmer commenced this lawsuit on October 28, 2005, for the purpose of recovering enhanced PIP benefits under the policy issued to Mr. Malone.  He seeks reformation of

the policy to include enhanced PIP coverage. He asserts four legal theories of recovery:

(1) declaratory relief/reformation; (2) breach of insurance contract for failure to pay PIP benefits;

(3) willful and wanton breach of contract; and (4) breach of the duty of good faith and fair

dealing.

        13.     Pending before Chief Judge Babcock is a separate civil action involving claims

against State Farm for enhanced PIP coverage on behalf of a class.  Such case is *Clark v. State*

*Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.).  It commenced on August 24, 2000.

There has been no class certification in that case.  The proposed class is defined as:

> All injured persons covered under a State Farm automobile
> insurance policy who were not offered extended coverage as
> required by Colo. Rev. Stat. § 10-4-710 of the Colorado Auto
> Accident Reparations Act and who were not provided the
> additional benefits of § 10-4-710.

The parties agree that Mr. Schimmer is a member of this putative class.  There is no evidence that

Mr. Schimmer has requested exclusion from the putative class or that he intends not to be bound

by any judgment if a class is certified in *Clark v. State Farm*.

### IV.  Standard of Review

        Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law

determines what facts are material and what issues must be determined.  It also specifies the

elements that must be proved for a given claim or defense, sets the standard of proof and

identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242,

248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is no genuine dispute as to any material fact, no trial is required because the court applies the law to the undisputed facts and enters judgment. If there is a genuine dispute as to material fact, a trial is required.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

5

## V.  Analysis

State Farm argues that Mr. Schimmer's claims were not asserted within the three year statute of limitations governing claims arising out of CAARA.  Mr. Schimmer responds that his claims were timely asserted within the three year limitations period.  He also argues, in the alternative, that the limitations period should be tolled.

Both parties have applied Colorado law with regard to these issues.  Because Mr. Schimmer's substantive claims arise under Colorado law and the Court exercises diversity jurisdiction, the Court turns to Colorado law to determine whether Mr. Schimmer's claims are time-barred or whether the limitations period could be tolled.  *See Cook v. G.D. Searle & Co.*, 759 F.2d 800, 803 (10th Cir. 1985) (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945)).

Because it is not clear from the face of the Complaint whether this action was commenced within the limitations period, it is State Farm's burden to demonstrate that the action was not timely commenced.  *See Hansen v. Lederman*, 759 P.2d 810, 812 (Colo. App. 1998); *see also Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  If State Farm meets its burden, then Mr. Schimmer bears the burden of producing evidence that the statute of limitations can and should be tolled.  *See Garrett v. Arrowhead Imp. Ass'n,* 826 P.2d 850, 855 (Colo. 1992).

### A.  Application of Statute of Limitations

The parties agree that pursuant to § 13-80-101(1)(j), C.R.S., Mr. Schimmer's claims are subject to a three-year statute of limitations.  *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1120 (10th Cir. 2005).  Mr. Schimmer's cause of action accrued on the date when he

knew or should have known of the essential facts of the CAARA violation. § 13-80-108, C.R.S.;
*see also Nelson*, 419 F.3d at 1121. For his cause of action to accrue, he was not required to
know of the legal theory supporting his cause of action. *See Harrison v. Pinnacol Assurance*,
107 P.3d 969, 972 (Colo. App. 2004). Rather, Mr. Schimmer's cause of action accrued when he
knew, or should have known, that State Farm failed to offer Mr. Malone enhanced PIP coverage.
*See Nelson*, 419 F.3d at 1121.

There is no dispute as to the facts material to this issue. State Farm advised Mr.
Schimmer of the PIP benefits he was entitled to receive in the two letters it mailed to Mr.
Schimmer on July 14 and 19, 1999. Because the letters were properly addressed to Mr.
Schimmer, there is a rebuttable presumption that he received them. *See Campbell v. IBM Corp.*,
867 P.2d 77, 80 (Colo. App. 1993); *see also Lust v. State Farm Mut. Auto. Ins. Co.*, 412 F. Supp.
2d 1185, 1189 (D. Colo. 2006). Mr. Schimmer has produced no evidence to rebut this
presumption. Thus, the Court presumes that Mr. Schimmer received the letters during July 1999.

In both letters, State Farm outlined the PIP benefits it would pay to Mr. Schimmer. The
letters described the dollar limitation for each type of covered expense, and the time period in
which each expense must be incurred to be covered under the policy. As a consequence, the
letters put Mr. Schimmer on notice that there were dollar and time limitations on the PIP benefits
he would receive.

The letters did not advise Mr. Schimmer that the benefits that were described were only
basic, as compared to enhanced, PIP benefits and did not expressly state that State Farm had
failed to offer Mr. Malone enhanced PIP coverage. However, Mr. Schimmer was provided with
sufficient information from which he could deduce those facts. There is no evidence that Mr.

Schimmer attempted to evaluate the information contained in the letters until almost five years after the accident.  Indeed,  his first request to view Mr. Malone's insurance policy was made by his attorneys in December 2004.

There is no genuine issue of material fact and therefore no need for a trial on this defense. Although Mr. Schimmer was not aware of the legal theory underlying his claims until after he spoke with counsel, the essential facts in support of his CAARA claims were available to him once he received the letters from State Farm.  Mr. Schimmer therefore knew or should have known the essential facts potentially giving rise to the CAARA violation.  The Court concludes that the 3-year statute of limitations began to run in July 1999 and expired in July 2002.  Mr. Schimmer commenced this action on October 28, 2005, more than three years after the expiration of the statute of limitations.  Therefore, as a matter of law,  unless the statutory limitation period is tolled, Mr Schimmer's claims are barred.

## B.  Tolling

Mr. Schimmer argues that the statute of limitations should be tolled because he is a member of the putative plaintiff class in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.).  This type of tolling is called "class action tolling" and is a form of legal, rather than equitable, tolling.  *See Joseph v. Wiles*, 223 F.3d 1155, 1166-67 (10th Cir. 2000).  State Farm responds that Mr. Schimmer forfeited his right to argue for application of class action tolling because he commenced this action before a ruling on class certification in *Clark v. State*

8

*Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.).[4]   Mr. Schimmer bears the burden of proving that the statute of limitations is tolled under this doctrine.

A statute of limitations is tolled for members of a putative class from the commencement of the class action until denial of class certification.  *See Kuhn v. State Dept. of Revenue,* 897 P.2d 792, 795 (Colo. 1995) (citing *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974)); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-52 (1983).  In other words, from the moment that the purported class action is commenced until the moment that class certification is denied, putative class members are not required to commence separate actions in order to timely assert their claims.  At the point when class certification is denied, class members may either commence separate actions or seek to intervene in the pending action as named plaintiffs.  *See Crown, Cork & Seal*, 462 U.S. at 354.  To benefit from class action tolling, a member of the putative class is not required to know or rely upon the class action's existence.  *See American Pipe*, 414 U.S. at 551-52.

The parties stipulate that Mr. Schimmer is a member of the putative class in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.).  That action was commenced on August 24, 2000.  There has not yet been a determination whether to certify the class in *Clark v. State Farm*.

State Farm argues that Mr. Schimmer has forfeited his right to invoke class action tolling

---

[4] Mr. Schimmer also argues that the limitations period was equitably tolled because he was prevented from timely commencing this action due to State Farm's wrongful conduct, specifically, State Farm's failure to offer enhanced PIP coverage and failure to inform him that it made no offer of enhanced coverage to Mr. Malone.  Because the Court concludes that the limitations period has been tolled under the doctrine of class action tolling, it is unnecessary to address whether the doctrine of equitable tolling should have any application.

by commencing this lawsuit before a decision on class certification in *Clark v. State Farm*.  Mr. Schimmer denies that his commencement of this lawsuit precludes him from invoking class action tolling.  This presents an issue of first impression not yet addressed by the Colorado courts or within the Tenth Circuit – whether a member of a putative class can be denied the benefits of class action tolling because he commenced a separate action before class certification was denied.

As the Tenth Circuit stated in *Joseph*, class action tolling serves many varied purposes. Foremost of these is judicial economy; class action tolling prevents the initiation of individual lawsuits by the class members whose claims might otherwise be resolved within the class action. The existence of a class action, however, does not preclude a class member from opting out of the litigation to commence a separate action when such member determines that it would better protect his individual interests.  *See Jahn v. ORCR, Inc.*, 92 P.3d 984, 989 (Colo. 2004).

In support of its position that Mr. Schimmer has forfeited the right to argue class action tolling, State Farm relies upon two circuit court decisions – *Wyser-Pratte Mgmt Co., Inc. v. Telxon*, 413 F.3d 553 (6th Cir. 2005), *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983) – as well as several federal district court decisions.  In *Wyser-Pratte*, the appellate court concluded that the plaintiff forfeited its right to invoke class action tolling because it commenced a separate lawsuit before a decision on the motion for class certification was made.  It reasoned that the purposes of class action tolling "are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are [furthered] when plaintiffs delay until the certification issue has been decided."  *See Wyser-Pratte*, 413 F.3d at 569.  The Sixth Circuit relied on numerous federal district court decisions, noting that its research revealed no circuit court law

10

on the subject.[5]

The problem with *Wyser-Pratte*, however, is that it treats class action tolling as an equitable doctrine in which fairness considerations drive its application. The Tenth Circuit has stated that class action tolling is legal, rather than equitable. *See Joseph, supra*. Indeed, the putative class member's subjective understanding of the litigation – or awareness of its existence – is completely irrelevant with regard to the application of class action tolling.

To deny a putative class member the benefit of class action tolling because he elected to protect his rights in a separate action before a ruling was made on class certification is inconsistent with the premise for the tolling doctrine. If the putative class member knew about the class litigation but elected to proceed separately, then disallowing application of class action tolling penalizes him for his informed decision. On the other hand, if the putative class member did not know about the class litigation and simply commenced a separate action for purposes of protecting his rights, then disallowing application of class action tolling penalizes him for failing to be aware of the class litigation and awaiting a ruling on class certification. Either way, the putative class member is penalized based upon his awareness, or lack thereof, of the class litigation. As the Supreme Court stated in *American Pipe*, a putative class member's knowledge or reliance upon the class action's existence does not impact whether class action tolling applies.

---

[5] More than two decades prior to *Wyser-Pratte*, the First Circuit in *Glater* tangentially addressed class action tolling where a plaintiff commenced a separate action while a class suit was pending. The trial court had dismissed the plaintiff's claims for lack of jurisdiction. The plaintiff argued that under *American Pipe*, her citizenship for diversity purposes should have been determined based upon the date a separate class action was commenced or the date she opted into that class action. The appellate court stated in *dicta*: "The policies behind Rule 23 and *American Pipe* would not be served, and in fact would be disserved, by guaranteeing a separate suit at the same time that a class action is ongoing." *See Glater*, 712 F.2d at 739.

Thus, the doctrine applies as a matter of law, not based upon the actions of Mr. Schimmer.

For these reasons, the Court concludes that class action tolling is applicable. As a result, the statute of limitations has been tolled since August 24, 2000, and Mr. Schimmer's claims are timely asserted.

However, the interests of judicial economy and consistency of outcome dictate that Mr. Schimmer not proceed simultaneously as a plaintiff both in this action and in the class action. If a class is certified in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.) and Mr. Schimmer desires to participate in that action, it will foreclose his ability to proceed in this matter. Conversely, if he desires to proceed here, he cannot seek relief as part of the class action. Ultimately, he must elect whether he desires to proceed individually, here, or whether he desires to proceed as a member of the class action. Until that election is made, this case will be stayed for all purposes.

**IT IS THEREFORE ORDERED** that:

(1)     The Defendant's Motion for Summary Judgment **(#12)** is **DENIED**.

(2)     All deadlines, hearing dates and the trial date in this action are vacated. This action is **STAYED** until such time that the Plaintiff advises the Court that he has elected to proceed on his own behalf in this action, rather than as a member of the

putative class in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC

(D. Colo.).

Dated this 15th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge