IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02513-MSK

JOHN T. SCHIMMER

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,

       Defendant.

---

## ORDER DENYING MOTION TO AMEND

---

THIS MATTER comes before the Court on the Defendant's Motion to Amend the

August 15, 2006 Order Denying Motion for Summary Judgment Pursuant to F.R.A.P. 5(a)(3) and

28 U.S.C. § 1292(b) **(#45)**.  The Plaintiff opposes the motion **(#46)**, and the Defendant has filed a

reply **(#49)** in support of the motion.  Having considered the same, the Court

      **FINDS** and **CONCLUDES** that:

### I. Background

The Defendant filed a motion for summary judgment in which it argued that the Plaintiff's

claims were barred by the 3-year statute of limitations which governs claims arising under the

Colorado Auto Accident Reparations Act ("CAARA").  The Plaintiff responded that his claims

were timely asserted and that the statute of limitations was tolled under the doctrine of class

action tolling, as well as under the doctrine of equitable tolling.

The Court denied the motion for summary judgment.  The Court concluded that class

action tolling was applicable, and therefore, the Plaintiff's claims were timely asserted.  The Court

did not address the Plaintiff's equitable tolling argument.  However, because the Plaintiff is also a

member of the putative class in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC

(D. Colo.), the Court stayed this case so that the Plaintiff could elect whether he desires to

proceed individually, here, or whether he desires to proceed as a member of the class action.[1]  He

has not elected to proceed individually at this time.

The Defendant now asks the Court to amend that Order to include a certification that it

"involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation."  The Defendant contends that an immediate appeal as to the

applicability of class action tolling will advance the termination of this litigation, and could be

dispositive of four other pending cases.

The Plaintiff opposes this motion.  First, he argues that the motion was not timely filed.

He also argues that the requisites for certification under 28 U.S.C. § 1292(b) are not met, because

there is no controlling issue of law for which there is substantial ground for difference of opinion,

and an immediate appeal will not advance the termination of this litigation.

## II.  Analysis

The Defendant's motion is brought pursuant to F.R.A.P. 5(a)(3).  This rule allows a

district court to amend an interlocutory order to include a statement authorizing an immediate

---

[1] In ruling upon the summary judgment motion, the Court neglected to address the
Defendant's Motion to Strike Plaintiff's Notice of Supplemental Declaration **(#30)**.  Because the
Court did not consider counsel's affidavit in ruling upon the summary judgment motion, the
motion to strike is denied, as moot.

appeal.  The rule imposes no time limitation on a district court's ability to amend its orders in this

fashion.  The Plaintiff has cited no binding legal authority which suggests anything to the contrary.

Therefore, the Court concludes that the motion was timely filed.

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order.

If such certification is made, then the Court of Appeals may permit an appeal to be taken from

such order.  *Id.*

Arguably, the Court's determination that the class action tolling doctrine renders the

Plaintiff's claims timely involves a controlling question of law.  Absent tolling of the statute of

limitations, the Plaintiff's claims in this action would be barred.  Arguably, there is substantial

ground for difference of opinion with regard to the applicability of class action tolling to a plaintiff

who commences a separate civil action prior to a determination on class certification.  When this

Court decided the issue, it was one of first impression within the Tenth Circuit.  At least one

circuit court of appeals has concluded that a plaintiff forfeits the right to invoke class action

tolling when he commences a separate lawsuit before a decision on the motion for class

certification is made.  *See Wyser-Pratte Mgmt Co., Inc. v. Telxon*, 413 F.3d 553 (6th Cir. 2005).

This Court declined to follow the Sixth Circuit's decision in *Wyser-Pratte* because it treated class

action tolling as form of equitable, rather than legal, tolling.  However, given the absence of

binding caselaw on this issue, as well as the existence of caselaw with differing outcomes, there

could be substantial ground for a difference of opinion.

However, an immediate appeal from the Court's determination that the class action tolling doctrine renders the Plaintiff's claims timely will not necessarily advance the termination of this litigation, for a variety of reasons. First, there may be certification of the putative class in the *Clark* case, and the Plaintiff might pursue relief in that action. If he does so, then there would be no need for him to proceed with this action. In addition, if the Tenth Circuit Court of Appeals were to agree with the Defendant regarding the applicability of class action tolling, the litigation would not end, because the Court would then be required to address the Plaintiff's equitable tolling argument.[2]

**IT IS THEREFORE ORDERED** that:

(1)     The Defendant's Motion to Amend the August 15, 2006 Order Denying Motion for Summary Judgment Pursuant to F.R.A.P. 5(a)(3) and 28 U.S.C. § 1292(b) **(#45)** is **DENIED**.

(2)     The Defendant's Motion to Strike Plaintiff's Notice of Supplemental Declaration **(#30)** is **DENIED**, as moot.

Dated this 31st day of October, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

_____

[2] The Defendant argues that the Plaintiff's equitable tolling argument lacks merit. This may or may not be the case, however, the Court declines to issue an advisory ruling on the issue.